IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LAVERN BERRYHILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-14-91-W |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, has filed this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. United States District Judge Lee R. West has referred the case to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the action be **DISMISSED** on filing.

The Plaintiff seeks damages from the Defendants, the "United States of America, The Missippi [sic] Indian Chief Berryhill's Tribe of the 1890s, Estate, Royalty," based on an alleged conspiracy. In his prayer for relief Plaintiff requests the "abolishment of any laws that discriminates against my rights to what my blood entitles me to" plus 3 billion dollars in compensatory damages and 9 billion dollars in punitive damages from each defendant. ECF No. 1:2

Included in his complaint, Plaintiff submitted a "Former Pauperis Affidavit:" in which he declares himself as being in "U.S Race hate Judicial Kidnap for over 24 years…" and that this confinement has left him "without any access to funds to pay

filing fee…" ECF No. 1:4. Plaintiff failed to utilize the form prescribed by this Court in applying to proceed without prepayment of fees. *See* LCvR3.3(a).

Title 28 U.S.C. § 1915(g), the so-called three-strikes provision of the *in forma pauperis* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a three-strike prisoner from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the prisoner can support the application of the imminent-danger exception. A three-strike prisoner may, in any event, proceed in civil actions or appeals by prepaying the filing fee. See *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 778 (10th Cir. 1999).

Taking judicial notice of the Court's records, Plaintiff has previously been denied the privilege of proceeding *in forma pauperis* in civil actions filed in this Court based upon the finding that Plaintiff had, at that time, previously filed three or more civil actions that were dismissed for failure to state a claim for relief and/or as frivolous.

*See:*

Berryhill v. United States of America, Case No. CIV-13-1267-W (Order entered January 21, 2014, West, D.J.);

Berryhill v. Okla. Dep't of Corr., Case No. CIV-12-279-W, (Order entered March 27, 2012, West, D.J.) (appeal dismissed for lack of prosecution);

Berryhill v. Workman, Case No. CIV-11-363-D (Order entered May 20, 2011, DeGiusti, D.J.)(appeal dismissed for lack of prosecution);

Berryhill v. Jones, Case No. CIV-11-307-D (Order entered April 21, 2011, DeGiusti, D.J.);

Berryhill v. Vicki Miles-LaGrange, Case No. CIV-10-802-H (Order entered September 30, 2010, Heaton, D.J.)(appeal dismissed for lack of prosecution);

Berryhill v. Greenway, Case No. CIV-10-714-D (Order entered August 4, 2010, DeGiusti, D.J.)(appeal dismissed for lack of prosecution);

Berryhill v. Halvorson, Case No. CIV-08-197-D (Order entered April 24, 2008, DeGiusti, D.J.);

Berryhill v. Poppell, Case No. CIV 99-407-T (Order entered May 25, 1999, Thompson, D.J.).

The Court's records clearly demonstrate that the Plaintiff has "three strikes" and that the provisions of 28 U.S.C. § 1915(g) bar him from proceeding *in forma pauperis.* Further, Plaintiff offers no information to demonstrate that the imminent danger of serious physical injury exception applies. Accordingly, this cause of action should be dismissed pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within twenty (20) days from the date of any order adopting this Report and Recommendation.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Plaintiff's cause of action be **DISMISSED** without prejudice unless Plaintiff pays the full filing fee within twenty (20) days of the date of any order adopting this Report and Recommendation. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 28, 2014**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 10, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE